J-S34019-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAVON RENEE HAYES | : | |
| | : | |
| Appellant | : | No. 1617 WDA 2017 |

Appeal from the PCRA Order October 2, 2017
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0001018-2004,
CP-02-CR-0014894-2003

BEFORE:   BOWES, J., STABILE, J., and STRASSBURGER*, J.

CONCURRING AND DISSENTING MEMORANDUM BY BOWES, J.:

**FILED OCTOBER 25, 2018**

I concur, but only so far as I would also affirm the order.  In all other respects I dissent, as I would hold that the PCRA court properly treated Appellant's motion as a PCRA petition.  However, the PCRA court erroneously addressed the merits of his substantive claim, instead of determining whether it had jurisdiction to do so.  I would affirm on that alternative basis.  My reasoning follows.

Appellant filed the motion at issue in this appeal on July 31, 2017.  At that time, a PCRA appeal was pending before this Court, at docket 1919 WDA 2016.  In November, this Court denied relief, and, in January of 2018, Appellant filed a petition for allowance of appeal with our Supreme Court.  That

_____
*   Retired Senior Judge assigned to the Superior Court.

petition was docketed at 60 WAL 2018; during the pendency of this appeal, our Supreme Court denied the petition by order docketed September 5, 2018.

Meanwhile, the PCRA court treated Appellant's July 21, 2017 motion as a PCRA petition, and issued a notice of intent to dismiss followed by a final dismissal. Appellant then appealed, and both he and the Commonwealth filed their respective briefs while the Supreme Court was still considering his request for review of our decision at 1919 WDA 2016.

As the Majority notes, the pending PCRA appeal precluded the PCRA court from proceeding pursuant to *Commonwealth v. Lark*, 746 A.2d 585 (Pa. 2000). Appellant recognized that point of law within his motion, and expressly asked the PCRA court to refrain from acting. There is no doubt that Appellant was attempting to protect his rights by guarding against the possibility a court would later fault him for failing to file his petition at an earlier date.

The Majority recognizes all of this, yet my learned colleagues are unsure whether the July 21, 2017 motion was a PCRA petition or not. I find that the PCRA court properly construed Appellant's motion as a request for relief under the PCRA. Appellant stated that he wished to "preserv[e] the right to file a formal PCRA [p]etition in the future[.]" Motion, 7/31/17, at 1. I find that the open-ended request to file a PCRA petition in the future is, in fact, a PCRA petition. What Appellant sought to do was file a "placeholder" PCRA petition, which he would seek permission to amend at a later time. Hence, it was a PCRA petition. *See Commonwealth v. Taylor*, 65 A.3d 462, 465 (Pa.Super.

2013) ("It is well-settled that the PCRA is intended to be the sole means of achieving post-conviction relief.").

In turn, the PCRA court saw no need to permit amendment at a later date, as it determined Appellant was not entitled to relief in any event. In its notice of intent to dismiss, the court stated, "[A]fter a thorough review of the record, the Court finds that his Application for Post-Conviction Relief is patently frivolous and without support on the record[.]" Notice of Intent to Dismiss, 8/15/17, at 1. That was erroneous, as explained in **Commonwealth v. Cox**, 146 A.3d 221 (Pa. 2016), wherein our Supreme Court reiterated that a PCRA court must first consider, when dealing with an untimely PCRA petition, whether jurisdiction has been properly invoked. The Court explained:

> The PCRA requires that a petition seeking relief thereunder must be filed within one year of the date the petitioner's judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1); **Commonwealth v. Jones**, 617 Pa. 587, 54 A.3d 14, 16 (2012). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545. This timeliness requirement is jurisdictional in nature, and a court may not address the merits of any claim raised unless the petition was timely filed or the petitioner proves that one of the three exceptions to the timeliness requirement applies. **Jones**, 54 A.3d at 16.
>
>     . . . .
>
> Once jurisdiction has been properly invoked (by establishing either that the petition was filed within one year of the date judgment became final or by establishing one of the three exceptions to the PCRA's time-bar, the relevant inquiry becomes whether the claim is cognizable under the PCRA.

*Id*. at 227–28.

There is no meaningful difference between *Cox* and this case, as in both cases the PCRA court decided the merits of the underlying PCRA claim instead of determining whether jurisdiction was properly invoked. Had the PCRA court addressed that question, as required by law, it would have been compelled to find that it could not proceed under *Lark*. While *Cox* concerns the jurisdictional limitation with respect to the timeliness exceptions, I find that the *Cox* analysis must extend to the failure to correctly apply *Lark*. We should therefore affirm on that alternative basis.

By not taking that route, the Majority ends up derogating Appellant's rights. The Majority states that Appellant has sixty days from September 5, 2018, the date that our Supreme Court denied his petition for discretionary review of his prior PCRA appeal, to file any PCRA petition. Majority Memorandum at 5.

That result is inconsistent with *Lark*. Were Appellant to file a new petition with the PCRA court as I write this memorandum, *Lark* would preclude the PCRA court from acting due to the pendency of **this** PCRA appeal.[1] Its

---

[1] Suppose that the Commonwealth, for whatever reason, sought reconsideration, *en banc* review, or review with the Supreme Court of Pennsylvania. According to the Majority, Appellant's sixty-day window would still be running. Obviously, I do not suggest that the Commonwealth would actually do so. The fact that it could demonstrates the flaws in the Majority's analysis.

result is also erroneous, as the Majority ends up punishing the *pro se* litigant for the PCRA court's error. Appellant was rightfully concerned that the PCRA court's improper order would constitute the law of the case in future proceedings.[2] I fail to see why his diligence somehow works to his detriment.[3]

Accordingly, I cannot agree that Appellant's sixty-day window to file a serial PCRA petition commenced upon our Supreme Court's denial of his prior PCRA appeal. We should affirm the order, thereby giving Appellant the full time to which he is entitled by law in order to pursue relief.

_____

[2] Appellant filed an objection to the notice of intent to dismiss, arguing, *inter alia*:

> Petitioner did not file a "NEW" PCRA Petition alleging and/or claiming newly discovered and exculpatory evidence. Petitioner was seeking the "RIGHT" to preserve his rights to file a . . . PCRA Petition, after his current appeal pending in the Superior Court of Pennsylvania[.]

Response to Notice of Intent to Dismiss, 8/28/17, at 1.

[3] The Majority writes, "[W]hen Appellant filed the Motion, he did so without identifying any legal authority upon which the Motion was premised." Majority Memorandum at 3. That is true, but I fail to see why a *pro se* litigant should be penalized for the judge's jurisdictional error. The failure to cite any law stating that the PCRA court could hold his motion in abeyance does not grant the PCRA court *carte blanche* to ignore **Lark** and **Cox**.